UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC PIERRE, attorney in fact, national agent and representative of the Republic of Haiti and Haitian diaspora; DENISE JEAN-JACQUES; ISABELLE PIERRE; SONY LOUIS; JEAN MERISIER; JEAN CHARLOT; BENSE MACKENSON; KHADIJA RAHMN-AKSP; JIMMY MICHEL; MARTHA BRIGARDE; PETERSON JACINTHE; JOLINE CAMILLE,<br><br>                          Plaintiffs,<br><br>          -against-<br><br>CONSULATE GENERAL OF HAITI; CORE Group/CORE Group-OAS Trustee Ens Legis UNITED STATES; CORE Group/CORE Group-OAS Trustee France; CORE Group/CORE Group-OAS Trustee Canada; De-facto; Unelected; Transitional Administration of Ariel Henry,<br><br>                          Defendants. | 22-CV-8504 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Marc Pierre ("Pierre"), who is appearing *pro se*, brings this action under the

Alien Tort Claims Act, seeking "the 20 million USD paid to France in 1888 due to the 1825

Royal Ordinance of Charles X[.]" (ECF 2, at 2.) Pierre styles this action as a class action and

seeks this relief on behalf of Haiti. He also includes in the caption of the complaint the names of

individual plaintiffs who have not signed the complaint, which is 479 pages long.

By order dated November 4, 2022, the Court granted Pierre's request to proceed *in forma

pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

dismisses the claims brought on behalf of Haiti and the individual plaintiffs and grants Pierre 30

days' leave to assert any claims he wishes to bring on his own behalf.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Pierre brings this action on behalf of: the country of Haiti, an organization called Haiti Reformation Project, and individuals who are citizens of Haiti. He alleges that his claims concern violations that occurred at the International Court of Justice, on the part of the United Nations, as well as other countries and entities, concerning matters involving Haiti. The complaint repeats the same allegations throughout the complaint, including Pierre's allegation that:

> This is an action at law to redress the utilization of the UNITED NATIONS by the **ens legis UNITED STATES** for the deprivation of the rights and privileges of the participants of this class-action under Color of Law . . . and the disenfranchisement of the people of the Republic of USA and Haiti by Washington DC thru the CESTUI QUE VIE Trust and CORE Group/CORE Group OSA Trust.[1]

(ECF 2, at 4.)

---

[1] The use of capitalizations and bold letters are as in the original.

Pierre asserts that he seeks the enforcement of the "Haiti Reformation Project," an "accord" issued by him on March 26, 2021, which "is based upon Haiti Wiki-Leaks; Unilateral Declaration on Behalf of Haiti dated October 17 of 2018; Petrocaribe scandal and grass-roots movement of Operation Tabula-Rasa." (*Id.* at 5.) Pierre and the Haiti Reformation Project "served . . .  the US State Dept.; [the former] administration of President Jovenel Moise; the United Nations and the Republic of Venezuela with a request to go to Haiti and investigate the Petrocaribe scandal," to no avail. (*Id.* at 6.) He claims, however, that Haitian President Moise, who "had a National Referendum for a new Constitution scheduled for April 25, 2021," rescheduled the referendum "upon reception of the HAITI REFORMATION PROJECT Tabula-Rasa Accord, to include the Haitian diaspora." (*Id.*) Plaintiff concludes that Moise's assassination "was authorized by the Ens Legis UNITED STATES for executing some of the mandates of the HAITI REFORMATION PROJECT/TABULA-RASA ACCORD." (*Id.*)

## DISCUSSION

### A.     Claims Brought on Behalf of Others

Although Pierre identifies as an "attorney-in-fact," as a nonlawyer, he can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").

Aside from describing Pierre as an attorney-in-fact, the complaint does not suggest that Pierre is licensed to practice law. The Court therefore dismisses without prejudice any claims Pierre is asserting on behalf of Haiti and the individual plaintiffs named in the caption of the

complaint, that is: Denise Jean-Jacques; Isabelle Pierre; Sony Louis; Jean Merisier; Jean Charlot; Bense Mackenson; Khadija Rahmn-Aksp; Jimmy Michel; Martha Brigarde; Peterson Jacinthe; Joline Camille.

**B.     Plaintiff's Claims**

Pierre proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Pierre seeks relief under the ATCA, a federal statute that gives district courts "original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The complaint does not suggest that Pierre seeks relief on his own behalf or that any defendant violated his rights under the ATCA. Because he is proceeding *pro se*, however, the Court grants him leave to amend his complaint as follows.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a)  the names and titles of all relevant people;

   b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c)  a description of the injuries Plaintiff suffered; and

   d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses all claims brought on behalf of Haiti and Denise Jean-Jacques; Isabelle Pierre; Sony Louis; Jean Merisier; Jean Charlot; Bense Mackenson; Khadija Rahmn-Aksp; Jimmy Michel; Martha Brigarde; Peterson Jacinthe; Joline Camille.

The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-8504 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 20, 2022
         New York, New York

                                   /s/ Laura Taylor Swain
                                   _____
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been
assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial       Last Name

_____

Street Address

_____

County, City                      State             Zip Code

_____

Telephone Number             Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                  Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                  Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                  Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.